IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:16-cv-47

| | |
|---|---|
| BETTY JO DILLARD, ) ) Plaintiff, ) ) v. ) ) THOMASVILLE AUTO SALES, LLC, ) ) Defendant. ) | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

NOW COMES Defendant, THOMASVILLE AUTO SALES, LLC ("Defendant"), by and through their undersigned counsel, and in response and answer to the Complaint of the Plaintiff BETTY JO DILLARD ("Plaintiff"), alleges and says as follows:

**FIRST DEFENSE**

Without waiving any of its claims and/or defenses set forth herein, Defendant responds to the specifically numbered allegations of the Plaintiffs' Complaint as follows:

1. The allegations contained in paragraph 1 of the Plaintiffs' Complaint are admitted upon information and belief.

2. The allegations contained in paragraph 2 of the Plaintiffs' Complaint are admitted upon information and belief.

3. The allegations contained in paragraph 3 of the Plaintiffs' Complaint are admitted upon information and belief.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore deny the same.

5. The allegations contained in paragraph 5 of the Plaintiffs' Complaint are admitted.

6. The allegations contained in paragraph 6 of the Plaintiffs' Complaint are admitted, upon information and belief.

7. The allegations contained in paragraph 7 of the Plaintiffs' Complaint states a legal conclusion to which no response is required. However, to the extent a response is required to any allegation contained in paragraph 7 of the Plaintiffs' Complaint, all such allegations are denied.

8. The allegations contained in paragraph 8 of the Plaintiffs' Complaint are admitted insomuch as Plaintiff purchased an automobile from Defendant on May 8, 2015. Any document referred to in paragraph 8 to Plaintiff's Complaint speaks for itself. All remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9. The document referred to in paragraph 9 to Plaintiff's Complaint, and attached as an exhibit, speaks for itself. All remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10. The document referred to in paragraph 10 to Plaintiff's Complaint, and attached as an exhibit, speaks for itself. All remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11. The document referred to in paragraph 11 to Plaintiff's Complaint, and attached as an exhibit, speaks for itself. All remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12. The document referred to in paragraph 12 to Plaintiff's Complaint, and attached as an exhibit, speaks for itself. All remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. The document referred to in paragraph 13 to Plaintiff's Complaint, and attached as an exhibit, speaks for itself. All remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14. The document referred to in paragraph 14 to Plaintiff's Complaint, and attached as an exhibit, speaks for itself. All remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15. The document referred to in paragraph 15 to Plaintiff's Complaint, and attached as an exhibit, speaks for itself. All remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16. The allegations contained in paragraph 16 of the Plaintiffs' Complaint are denied.

17. The allegations contained in paragraph 17 of the Plaintiffs' Complaint states a legal conclusion to which no response is required. However, to the extent a response is required to any allegation contained in paragraph 17 of the Plaintiffs' Complaint, all such allegations are denied.

18. The allegations contained in paragraph 18 of the Plaintiffs' Complaint states a legal conclusion to which no response is required. However, to the extent a response is required

to any allegation contained in paragraph 18 of the Plaintiffs' Complaint, all such allegations are denied.

19. The allegations contained in paragraph 19 of the Plaintiffs' Complaint states a legal conclusion to which no response is required. However, to the extent a response is required to any allegation contained in paragraph 19 of the Plaintiffs' Complaint, all such allegations are denied.

20. The allegations contained in paragraph 20 of the Plaintiffs' Complaint are denied.

21. Defendant restates its responses to the preceding paragraphs of the Plaintiffs' Complaint and incorporate them by reference as if fully set forth herein.

22. The allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied.

**SECOND DEFENSE**
(General Denial / Reservation of Defenses)

Each and every other allegation contained in the Plaintiff's Complaint not expressly admitted herein is expressly denied. Defendant reserves the right to assert any additional and further defenses or claims which may be revealed by additional investigation or discovery conducted in this action.

**THIRD DEFENSE**
(Affirmative Defense: Plaintiff's theory of the case is not objectively reasonable; estoppel; bad faith)

Plaintiff's theory of the case is not objectively reasonable or plausible. This Court should determine that Plaintiff's allegations regarding her interpretation of the TILA disclosure in this case are "not objectively reasonable" and that "[n]o reasonable consumer would construe the payment schedule" as alleged by Plaintiff. Larrabee v. Bank of Am., N.A., 714 F. Supp. 2d 562, 563 (E.D. Va. 2010).

Additionally, Plaintiff is barred or estopped from claiming that the monthly payment schedule at issue in this action is anything but a validly existing and objectively reasonable payment schedule. On or about June 25, 2015, Plaintiff submitted a statement to the Better Business Bureau relating to her purchase of the vehicle in question (the "**Statement**"). A true and accurate copy of the Statement is attached hereto as **Exhibit A**, and incorporated herein by reference. In the Statement, Plaintiff clearly acknowledges her $220.00 monthly car payment. As further evidence that Plaintiff's cause of action is "not objectively reasonable," not even the Plaintiff herself subjectively believed that she was obligated to make, instead of monthly, payments. The Statement acts as further evidence of the bad faith nature of the Plaintiff's Complaint.

**FOURTH DEFENSE**
(No violation of 12 C.F.R. § 226.17)

According to 12 C.F.R. § 226.17: "A creditor who gives a consumer a multiple-copy form containing a credit agreement and TILA disclosures, which is reviewed and signed by the consumer and returns it to the creditor, who then separates the copies and gives one copy to the consumer to keep, has satisfied the disclosure requirement under the regulation." Tripp v. Charlie Falk's Auto Wholesale, Inc., 290 Fed. Appx. 622, 626 (4th Cir. Va. 2008)(quoting 67 Fed. Reg. at 16983). Defendant performed the aforementioned procedures as required by 12 C.F.R. § 226, and as confirmed by the Fourth Circuit.

**FIFTH DEFENSE**
(15 U.S.C. §1640(c) – bona fide error)

Any violation from the requirements of the Truth in Lending Act by Defendant, which is explicitly denied, was an unintentional, bona fide error. Pursuant to the provisions of 15 U.S.C.

§1640(c), any bona fide, unintentional violation of the Truth in Lending Act by Defendant, which is explicitly denied, acts as a complete bar to civil liability and/or recovery. 15 U.S.C. §1640(c) specifically provides as follows:

> *(c) Unintentional violations; bona fide errors. A creditor or assignee may not be held liable in any action brought under this section or section 125 [15 USCS § 1635] for a violation of this title [15 USCS §§ 1601 et seq.] if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.* ***Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programming, and <u>printing errors</u>***, *except that an error of legal judgment with respect to a person's obligations under this title [15 USCS §§ 1601 et seq.] is not a bona fide error.*

15 USCS § 1640(c)(emphasis added). Attached hereto as **Exhibit B**, and incorporated herein by reference, is Defendant's copy of the Purchase Money Security Agreement, including the requisite Truth in Lending Act Disclosures, entered into between Plaintiff and Defendant on May 8, 2015 (the "**Agreement**"). Defendant's carbon copy of the Agreement does not contain the same typographical or printing error that purportedly exists on Plaintiff's copy of the same document. The two Agreements are multiple carbon copies of each other. The contents of Defendant's copy of the Agreement are not subject to dispute. Based on the two versions of the Agreement (Plaintiff's purported copy and Defendant's copy), the TILA violation error alleged in the Plaintiff's Complaint (to the extent it exists, which is explicitly denied) constitutes a bona fide error constituting a complete bar to recovery by Plaintiff.

## SIXTH DEFENSE
(Affirmative Defense – Lack of Damages)

Plaintiff never made any payments under the payment schedule at issue included in the Agreement. Therefore, Plaintiff is barred from alleging, or requesting, any actual damages pursuant to 15 U.S.C. §1640. The Plaintiff's claims against Defendant are barred as the Plaintiff has suffered no loss or damage.

## SEVENTH DEFENSE
(Affirmative Defense - Setoff)

Plaintiff never made any payments under the payment schedule at issue included in the Agreement. Plaintiff never paid the taxes, or fees relating to the title or license of the vehicle. Defendant ultimately repossessed the vehicle at issue for failure of Plaintiff to make any payments. Defendant made numerous repairs to the vehicle, which Defendant was not obligated to make. To the extent a TILA violation error occurred as alleged in the Plaintiff's Complaint, which is explicitly denied, Defendant is entitled to a setoff of any award of damages to Plaintiff for fees and costs incurred by Defendant, the exact amount of such setoff to be proven at a trial of this matter.

**WHEREFORE**, Defendant prays the Court grant the following relief:

1. That Plaintiff have and recover nothing of Defendant; and

2. That judgment be entered in favor of Defendant; and

3. That the costs of this action, including Defendant's attorney's fees, as allowable by law, be taxed against the Plaintiff; and

4. That the Court grant such other and further relief as it deems just and proper.

This the 16th day of March, 2016.

/s/ Christopher C. Finan
Christopher C. Finan, N.C.S.B. No. 27820
Andrew D. Irby, N.C.S.B. No. 35353
*Attorneys for Defendant*

OF COUNSEL:

ROBERSON HAWORTH & REESE, P.L.L.C.
300 North Main Street, Suite 300
P.O. Box 1550
High Point, NC  27261
Telephone:  (336) 889-8733
Facsimile:  (336) 885-1280
Email:     cfinan@rhrlaw.com
           airby@rhrlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:16-cv-47

BETTY JO DILLARD,       )
                        )
        Plaintiff,      )
                        )
v.                      )
                        )
THOMASVILLE AUTO SALES, LLC, )
                        )
        Defendant.      )
                        )

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned has this date served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** in the above-entitled action upon all other parties to this cause by electronic means, by hand delivery, by facsimile and/or by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, properly addressed to said parties, or the attorney or attorneys for said parties, as the case may.

> Holly Elizabeth Dowd, Esq.
> Via CM/ECF: hollyedowd@yahoo.com
> Weisberg & Meyers, LLC
> 822 Camborne Place
> Charlotte, NC 28210
> *Attorney for Plaintiff*

This the 16th day of March, 2016.

> /s/ Christopher C. Finan
> Christopher C. Finan, N.C.S.B. No. 27820
> Andrew D. Irby, N.C.S.B. No. 35353
> *Attorneys for Defendant*

OF COUNSEL:

ROBERSON HAWORTH & REESE, P.L.L.C.
300 North Main Street, Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone: (336) 889-8733
Facsimile: (336) 885-1280
Email: cfinan@rhrlaw.com
airiby@rhrlaw.com

To Whom it may Concern, I Betty Dillard did perchase a 1999 Oldsmobile Culass From Thomasville Auto on 5/8/15. Chriss the Sales Person told me the only thing wrong with the car was cylinder kit, they would take of this for me. During the time back in Force I asked the meechanit to chek my transmission, because I was told I had a Leak. They told me it needed a vale cover gasket on seal, that it was leaking very bad. That it would cost 139.00 to fix this. Also I needed a gas pump, they put that on. I also told them I had no Horn. They told me to get a button hooked up to my battier. I told Chris that my engine light stayed on, so he cheked it with a hand computer. He said the code read that I need the vale cover gaset or seals. I stoped at a muffler shop, they read codes that say I needed a catay verta, Evape. Which would cost 249.00. I was told that I had to pay Ten dollars a month for the cylined kit from Davis Chevrolet Buick GMC which would



EXHIBIT A

make car payment 220 dollars plus
Ten dollars For that Kit. I called my
brother, he then call Chris to ask him
IF he could put me in another car, That
he would pay For Tag Tags, Title Fees
on another car, I Then tryed this Volvo,
which Did not have a battery, I never
even drove it off the Lot. I tryed
another one it didn't have a battery,
So Chris said he had to order some more
batterys. he said that these were my
only Options, nothing but Junk.
So my brother said he would not
send any money For this mess.

      Betty Jo Dillard

# PURCHASE MONEY SECURITY AGREEMENT (MOTOR VEHICLES)

(Consumer Credit Document)

ACCOUNT NO.: _____

(DATE OF EXECUTION) MAY 8TH, 20 15

PURCHASER(S): Betty Dillard (Print Full Name) — 411 Park Street Apt 1410 (No. Street or RFD) — HIGH POINT (City) — GUILFORD (County) — NC (State) — 27263 (Zip)

SELLER: (Creditor) THOMASVILLE AUTO SALES (Dealer's Name) — 300 NATIONAL HWY (Correct Legal Address) — THOMASVILLE (City) — DAVIDSON (County) — NC (State) — 27360 (Zip)

ASSIGNEE: Auto Financial (Full Name of Financial Institution) — 300 National Highway; Thomasville, nc 27360 (Mailing Address, Including Zip)

Above SELLER (Creditor) hereby sells and retains a security interest, and above PURCHASER(S) (Debtor) (hereinafter "DEBTOR") hereby purchases and grants to SELLER (Creditor) and its assigns a Purchase Money Security Interest under the North Carolina Uniform Commercial Code in and to the following described property and proceeds thereof, including any insurance proceeds and all accessions thereto (hereafter "collateral"). DEBTOR has examined and accepted the collateral described below in its present condition, satisfactory delivery thereof being herewith acknowledged:

(☐ If checked here, collateral is listed and described on attached SCHEDULE "A," incorporated herein by reference.)

| New or Used | Year | Make | Type of Body | Model | Serial Number | Number Cylinders | Ton Capacity, if truck |
|---|---|---|---|---|---|---|---|
| Used | 1999 | OLDSMOBILE | 4DR | CUTLA | 1G3NB52M5X6332231 | 6 | |

EXTRA EQUIPMENT: ☐ Radio, ☐ Heater, ☐ Air Cond., ☐ Auto Trans., ☐ Overdrive, ☐ Stereo, ☐ Vinyl Roof, POWER: ☐ Windows, ☐ Seats, ☐ Brakes, ☐ Steering

The collateral will be used primarily for: ☒ Personal, Family or Household  ☐ Agricultural  ☐ Business (Other than agricultural purposes).

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY OR OTHERWISE, WHICH EXTEND BEYOND THE ABOVE DESCRIPTION OF THE COLLATERAL. DEBTOR, having been quoted both a time price including finance charges and a lesser cash price, has elected to buy the collateral for the time price, which is the "TOTAL SALE PRICE" disclosed below in the Truth-in-Lending disclosures (hereinafter "Federal Disclosure Box"). The security interest in the collateral shall remain in SELLER (Creditor) and above ASSIGNEE until all amounts due hereunder or any rearrangements thereof, have been fully paid by DEBTOR in cash. DEBTOR agrees to pay his/her entire indebtedness under this Contract, together with a Late Charge of ___% of any installment in default for 10 or more days of $ 20 whichever is the lesser, initially to SELLER (Creditor) (and after assignment of this Contract to it, to the above ASSIGNEE) according to the within terms, including the Payment Schedule and other credit terms and conditions disclosed below in the Federal Disclosure Box, which are deemed terms of this Contract. Hereinafter SELLER (Creditor) and ASSIGNEE are collectively termed "SECURED PARTY." Further, if suit is instituted upon DEBTOR's default (as hereinafter defined), to collect the unpaid balance hereunder or otherwise to enforce this Contract, DEBTOR agrees to pay all collection and legal expenses of and the reasonable attorneys' fees paid or incurred by SECURED PARTY, it being agreed that 15% of the unpaid indebtedness due hereunder at the time suit is instituted shall be deemed to be SECURED PARTY's reasonable attorneys' fees. If the disclosed "Total of Payments" hereunder is prepaid in full by cash, refinancing or otherwise before the final installment due date. DEBTOR shall receive a rebate of unearned FINANCE CHARGE (Time Price Differential) computed under the Rule of 78's. From the amount of rebate so computed, SECURED PARTY will deduct a prepayment charge of 10% of the unpaid balance of the "Total of Payments" not to exceed $25. If prepayment is made other than on the due date of an installment, it shall be deemed to have been made on the installment due date nearest in time to the actual date of prepayment.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash-Price of collateral (Incl. Accessories, taxes, extras, etc.) .................................. $ 3,500.00
2. LESS: Cash Downpayment  $ 500.00
   (a) Trade-In (NET): .................. $ 0.00
   (b) Total Downpayment ............... –$ 500.00
3. UNPAID BALANCE OF CASH PRICE (Amount paid on your account) (Item 1 minus Item 2 (b)): ............. $ 3,000.00
4. Amounts paid to others on your behalf:
   (a) Amount(s) paid to Public Officials for Security Interest Charges: (Filing Fees) ... $ 249.00
   (b) Amount(s) paid to Public Officials for License, Title and/or Registration Fees: ... $ 15.00
   (c) Amount paid to Insurance Companies (Credit Prop. and Mech. Breakdown Ins.): ... $ 40.00
   (d) Amount paid to: _____TAXES_____ (Name) $ 112.47

Cost of Insurance if to be procured by CREDITOR with premiums financed herein.

Credit Insurance for the Stated Terms of the Credit:

| CONSUMER: | Type | PREMIUM: |
|---|---|---|
| #1 #2 | | |
| ☐ ☐ | Group Credit Life .... $ | N/A |
| ☐ | Group Disability ...... $ | N/A |
| ☐ ☐ | Individual Credit Life .......... $ | N/A |
| ☐ | Individual Disability ........... $ | N/A |
| | Total Prem. Credit Insurance ......... $ | N/A |

Property Insurance for _____ Mos.
Type:
☐ Comprehensive
☐ Fire and Broad Form Theft
☐ Combined Additional Coverage
☐ $ _____ Ded. Collision
☐ Towing and Labor
☐ Vendor's Single Interest Insurance
☐ Rental Reimbursement
☐ Personal Effects
☐ _____

Total Property Ins. Premium $ N/A

Mechanical Breakdown Insurance for _____ Mos: $ _____

I may obtain Property Insurance from anyone I want that is acceptable to you. If I get this Insurance through you, I will pay the "Total Property Ins. Premium" shown above. No insurance will be provided unless premium is shown and boxes are checked to show what coverage I (we) want.

Credit Life and Credit Disability Insurance are not required to obtain credit and will not be provided unless I (we) sign below and unless the premium is shown and boxes are checked to show what



EXHIBIT B

| | | | | | |
|---|---|---|---|---|---|
| 5. Subtotal of Above Amounts (Sum of Items 3 and 4(a) thru 4(d)): | $ 3,416.47 | | coverage I (we) want. | | |
| 6. LESS: Prepaid Finance Charge: | $ 0.00 | | I (We) want the coverage(s) checked for the premium(s) shown above: | | |
| 7. Amount Financed (Total): | $ 3,416.47 | | (Age) _____ (Signature of Consumer (#1) to be insured) | | |
| | | | (Age) _____ (Signature of Consumer (#2) to be Insured) | | |

## CREDITOR'S TRUTH-IN-LENDING DISCLOSURES TO CONSUMERS (FEDERAL DISCLOSURE BOX)

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ 500.00 |
|---|---|---|---|---|
| 29.00 % | $ 918.56 | $ 3,416.47 | $ 4,335.03 | $ 4,835.03 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Weekly Beginning |
| 19 | 220.00 | Monthly Beginning 1/08/15 |
| 1 | 155.03 | 1/08/17 |

Security: You are giving a security interest in:
☒ The goods or property being purchased. ☐ Type(s) of other property: _____
Collateral securing other loans with us may also secure this Credit Sale.
Late Charge: If a payment is 10 or more days late, you will be charged $20.00 or ___ % of the payment whichever is less.    Thomasville Auto Sales
Security Interest Charges: $ N/A     owes a ignition switch
Prepayment: If you pay off early, you may be entitled to a refund of part of the Finance Charge.     for Cutlass
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment penalties.

This Contract, including provisions on the reverse hereof, constitutes the entire agreement between the parties and no waivers or modifications shall be valid unless written upon or attached to this contract. Said Contract shall apply to, inure to the benefit of, and bind the heirs, executors, administrators, successors and assigns of the SECURED PARTY and DEBTOR. This Security Agreement shall be governed by and construed under the North Carolina Laws.
DEBTOR acknowledges receipt of a copy of this Agreement, SELLER, by execution hereof, hereby assigns this Contract for value received to the above name ASSIGNEE as of the date hereof, and in accordance with terms on reverse side hereof.
THIS AGREEMENT IS SUBJECT TO THE ADDITIONAL PROVISIONS SET FORTH ON THE REVERSE SIDE HEREOF, THE SAME BEING INCORPORATED HEREIN BY REFERENCE.

### ACKNOWLEDGMENT OF RECEIPT OF DISCLOSURES

The undersigned PURCHASERS understand that ASSIGNEE will rely upon this representation and acknowledgment in accepting assignment of this contract. They do herewith acknowledge receipt of the disclosures contained herein. They, further, represent to ASSIGNEE named at beginning of the agreement that at the time they received a copy of this Statement and Purchase Money Security Agreement, such form was complete and filled in and that all blanks in such form were filled in prior to their executing same.
WITNESS the Hand(s) and Seal(s) of the undersigned, this sealed instrument being executed on the date first above written. Each of the undersigned herewith expressly adops as his seal the word "SEAL" appearing beside or near his signature below.

SELLER (Creditor) SIGNATURE _Thomasville Auto Sales_ (SEAL)    _Betty Dillard_ (SEAL)
     SELLER / (Creditor)             PURCHASER (Person to be insured under Credit Life and/or
                                     Accident & Health Insurance, unless otherwise noted)

By: _____ (SEAL)    _____ (SEAL)
           Title                            CO-PURCHASER
WITNESS _____    WITNESS _____

RE-ORDER FROM: LOWE'S INC. - 2160 Harry Byrd Hwy., Darlington, SC 29532 - (843) 393-6127 - FAX (843) 395-0468
1-800-845-6052  www.lowes-inc.com  Re-order Item #LPM-NC



## Below is a list of some major defects that may occur in used motor vehicles.

**Frame & Body**
Frame-cracks, corrective welds, or rusted through
Dog tracks—bent or twisted frame

**Engine**
Oil leakage, excluding normal seepage
Cracked block or head
Belts missing or inoperable
Knocks or misses related to camshaft lifters and push rods
Abnormal exhaust discharge

**Transmission & Drive Shaft**
Improper fluid level or leakage, excluding normal seepage
Cracked or damaged case which is visible
Abnormal noise or vibration caused by faulty transmission or drive shaft
Improper shifting or functioning in any gear
Manual clutch slips or chatters

**Differential**
Improper fluid level or leakage excluding normal seepage
Cracked or damaged housing which is visible
Abnormal noise or vibration caused by faulty differential

**Cooling System**
Leakage including radiator
Improperly functioning water pump

**Electrical System**
Battery leakage
Improperly functioning alternator, generator, battery, or starter

**Fuel System**
Visible leakage

**Inoperable Accessories**
Gauges or warning devices
Air conditioner
Heater & Defroster

**Brake System**
Failure warning light broken
Pedal not firm under pressure (DOT spec.)
Not enough pedal reserve (DOT spec.)
Does not stop vehicle in straight line (DOT spec.)
Hoses damaged
Drum or rotor too thin (Mfgr. Specs)
Lining or pad thickness less than 1/32 inch
Power unit not operating or leaking
Structural or mechanical parts damaged

**Steering System**
Too much free play at steering wheel (DOT specs.)
Free play in linkage more than 1/4 inch
Steering gear binds or jams
Front wheels aligned improperly (DOT specs.)
Power unit belts cracked or slipping
Power unit fluid level improper

**Suspension System**
Ball joint seals damaged
Structural parts bent or damaged
Stabilizer bar disconnected
Spring broken
Shock absorber mounting loose
Rubber bushings damaged or missing
Radius rod damaged or missing
Shock absorber leaking or functioning improperly

**Tires**
Tread depth less than 2/32 inch
Sizes mismatched
Visible damage

**Wheels**
Visible cracks, damage or repairs
Mounting bolts loose or missing

**Exhaust System**
Leakage

---

THOMASVILLE AUTO SALES
**DEALER**

300 NATIONAL HWY
**ADDRESS**

THOMASVILLE, NC 27360

Add name here (Menu7-1-3) 336-475-8888
**SEE FOR COMPLAINTS**

> I hereby acknowledge receipt of the Buyers Guide at the closing of this sale.
> *Betty J Dillard*      5-8-15
> **Signature**                    **Date**

**IMPORTANT:** The information on this form is part of any contract to buy this vehicle. Removal of this label before consumer purchase (except for purpose of test-driving) is a violation of federal law (16 C.F.R. 455).

AS IS - SOLD WITHOUT WARRANTY
                        -------------------------------

                        Date: 5/08/15

Current Odometer Mileage: EXEMPT

              Seller: THOMASVILLE AUTO SALES
                      300 NATIONAL HWY
                      THOMASVILLE, NC 27360

           Purchaser: Betty Dillard
                      411 Park Street Apt 1410
                      HIGH POINT, NC 27263

The vehicle identified below is subject to the terms and conditions
of this agreement.

The seller, identified above, hereby expressly disclaims all warranties,
either expressed or implied, including all implied warranties of
merchantability or fitness for a particular purpose and the seller
neither assumes nor authorizes any other person to assume for it any
liability in connection with the sale of the vehicle.

Vehicle description: 99 OLDSMOBILE CUTLASS       ; GREEN

       I.D. Number: 1G3NB52M5X6332231

          "NOTICE OF VEHICLE SOLD WITHOUT ANY WARRANTY"

This vehicle is sold without any warranty. The purchaser will bear the
entire expense of repairing or correcting any defects that presently
exist and/or may occur in the vehicle unless the salesperson promises
in writing to correct such defects.

BUYER HEREBY ACKNOWLEDGES HE HAS READ, UNDERSTANDS AND ACCEPTS THE
PROVISIONS OF THIS WARRANTY STATEMENT FOR THE ABOVE-IDENTIFIED VEHICLE.

      _____*Betty Jo Dillard*_____
      Betty Dillard


      _____
      Witness

         WARRANTY DISCLAIMER - SOLD AS IS